HERSEY, Chief Judge.
This suit to enforce payment of a debt arose in the aftermath of a dissolution action. Appellant defended in the suit brought by his former mother-in-law, by relying on the statute of frauds. By third-party complaint he sought indemnification from the former wife.
The marital home, purchased in part by the mother-in-law’s loan to the husband and wife, became the property of the wife by virtue of a property settlement agreement. In the dissolution action the wife had claimed a special equity in the marital property. The husband owned various parcels of real estate, title to which was not affected by the property settlement agreement.
Depending upon the relationship between the wife’s claim for a special equity and the ultimate disposition of the marital home by the property settlement agreement and disposition of the husband’s properties, the husband, now appellant, may have a valid claim for contribution against his former wife. That question is not before us, however. The claim for indemnification is without merit and the statute of frauds does not afford appellant a defense under the facts of this case. We therefore affirm.
AFFIRMED.
LETTS and GUNTHER, JJ., concur.